# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLYDE MATT, an Individual; DONALD PARKER, an Individual; PHILLIP HENKLE, an Individual; ESTRELLA CARINO, an Individual,<br><br>                    Plaintiffs,<br>    v.<br>DARYL DESHAW, an individual,<br>                    Defendant.<br>    -and-<br>IMT GROUP, LLC, a Nevada limited liability company,<br>                    Nominal Defendant. | Case No. 2:15-cv-00982-MMD-VCF<br><br>ORDER |

**I.    SUMMARY**

Before the Court is Plaintiff's motion for default judgment. (ECF No. 15.) For the reasons discussed herein, Plaintiffs' motion is granted.

**II.    RELEVANT BACKGROUND**

The following facts are taken from the verified complaint. (ECF No. 19.) Plaintiffs are majority members of IMT Group, LLC ("IMT"), which engages in the broker and sale of real estate, among other services. They allege that Defendant Daryl DeShaw ("DeShaw"), a member of IMT, appointed himself as the "Chief Operating Officer," and engaged in deceptive conduct that harm IMT and Plaintiffs. Plaintiffs allege direct and derivative claims on behalf of IMT. The complaint alleges claims for civil RICO, breached of fiduciary duty and unjust enrichment.

DeShaw was served on September 23, 2015. (ECF No. 7.) He sought an extension of time until December 14, 2015, to respond to the complaint (ECF No. 8), which the Court granted (ECF No. 9). However, DeShaw failed to respond to the complaint or otherwise appear, which led to the Clerk's entry of default. (ECF No. 13.)

## III.    DISCUSSION

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Here, DeShaw was properly served (ECF No. 7), and the Clerk has entered default (ECF No. 13). Thus, Plaintiffs have satisfied the procedural requirement.

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The Court finds that Plaintiffs have satisfied the *Eitel* factors and agrees with Plaintiffs that default judgment should be entered.

While Plaintiffs ask for damage in the amount of $12,000 on behalf of each Plaintiff for a total of $48,000 (ECF No. 15 at 4), Plaintiffs offer no evidence to support their request. The verified complaint does not allege a specific amount of amount. At a minimum, each Plaintiff must submit an affidavit identifying the amount of damage and explaining the evidence or basis for Plaintiff's request for that amount.

///

## IV. CONCLUSION

It is therefore ordered that Plaintiffs' motion for default judgment (ECF No. 15) is granted. It is further ordered that before the Court awards damages, Plaintiffs must file a supplemental affidavit from each Plaintiff that identifies the amount of damage requested and the evidence supporting that request. The supplemental affidavits must be filed within thirty (30) days

DATED THIS 10th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE